# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:18-cv-00364-MR

| | |
|---|---|
| JENNIFER ANN JASMAINE,[1] ) ) Plaintiff, ) ) vs. ) ) FNU ENGRIME, et al., ) ) Defendants. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment [Doc. 22].

## I.   BACKGROUND

The incarcerated Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on July 1, 2018, challenging the conditions of confinement she allegedly experienced at the Lanesboro Correctional Institution.[2] Plaintiff named as Defendants Kevin Ingram,[3] the Housing Unit

---

[1] Also known as Duane Leroy Fox.

[2] Houston v. Lack, 487 U.S. 266 (1988) (establishing the prisoner mailbox rule); see Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying the prisoner mailbox rule to a § 1983 case).

[3] "Mr. Engrime" in the Complaint.

Manager for restrictive housing at Lanesboro C.I.; and Maranda Mims,[4] the Prison Rape Elimination Act ("PREA") Captain at Lanesboro C.I.

Plaintiff alleges that she is a transgender inmate who was approved for private showers at Lanesboro C.I., and that Defendants deprived her of such showers. Plaintiff seeks declaratory judgment, nominal damages, fees and costs, injunctive relief, a jury trial, and all other relief that the Court deems just and equitable.

Defendants filed a Motion for Summary Judgment [Doc. 22], arguing that Plaintiff failed to exhaust her administrative remedies before filing the Complaint; that there was no constitutional violation with regards to Plaintiff's conditions of confinement; that the claims for damages against Defendants in their official capacities are barred by sovereign immunity; and that Defendants are entitled to qualified immunity because they did not violate any of Plaintiff's clearly established rights.

Plaintiff was informed of the legal standard that applies to summary judgment motions and of the importance of filing a persuasive response to Defendants' Motion. [Doc. 25]. However, Plaintiff has not filed a response and the time to do so has expired.

---

[4] "Ms. Mims" in the Complaint.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). To withstand a motion for summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence. Dash v. Mayweather, 731 F.3d 303, 311, (4th Cir. 2013).

## III. DISCUSSION

### A. Exhaustion

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(a). There is "no question that exhaustion is mandatory under PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter v. Nussle, 534

3

U.S. 524 (2002)). The exhaustion of administrative remedies must occur before a civil action is commenced. Porter, 534 U.S. at 516. A prisoner may not exhaust her administrative remedies during the pendency of a § 1983 action. Germain v. Shearin, 653 F. App'x 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011).

The North Carolina Department of Public Safety ("NCDPS") has established a three-step procedure governing submission and review of inmate grievances, which it refers to as the Administrative Remedies Procedure ("ARP").[5] N.C. Gen. Stat. § 148-11A; Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). Under the ARP, an inmate must submit a grievance at step one and then may appeal an unfavorable decision from step one at steps two and three. Id. A decision at step three of the ARP exhausts the prisoner's remedies under the PLRA.

The Defendants support their Motion for Summary Judgment with an affidavit from Kimberly Grande, the Executive Director of NCDPS's Inmate Grievance Resolution Board. Grande states that Plaintiff did not complete ARP until the grievance examiner issued a written step-three order on July 16, 2018. [Doc. 24-4 at ]; [see Doc. 24-6 at 1]. Plaintiff filed the Complaint

---

[5] Defendants have submitted a copy of the ARP as Exhibit A to Kimberly Grande's Declaration. [See Doc. 24-5 at 1].

4

on July 1, 2018, before the ARP was complete. [See Doc. 1]. Therefore, this action was initiated before Plaintiff exhausted her administrative remedies and Defendants' Motion for Summary Judgment will be granted for lack of exhaustion.[6]

B. **Eighth Amendment**

Even if Plaintiff's claims were not subject to dismissal for lack of exhaustion, the Court concludes that such claims are subject to dismissal on the merits.

The Eighth Amendment prohibits excessive sentences and protects inmates from inhumane treatment and conditions while imprisoned. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996); see Farmer v. Brennan, 511 U.S. 825, 832 (1994) (the Constitution "does not mandate comfortable prisons, … but neither does it permit inhumane ones.") (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). To establish a violation of the Eighth Amendment in the context of a challenge to conditions of confinement, an inmate must allege (1) a "sufficiently serious" deprivation under an objective standard and (2) that prison officials acted with "deliberate indifference" to

---

[6] Unexhausted claims of this type are usually dismissed without prejudice. See Dillard v. Anderson, 2010 WL 9553022, at *2 (W.D.N.C. Sept. 6, 2010). However, the instant case will be dismissed with prejudice because Defendants are entitled to summary judgment on the merits of Plaintiff's claims as well.

5

the inmate's health and safety under a subjective standard.  Wilson v. Seiter, 501 U.S. 294, 297-99 (1991).  To demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must "produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993), or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions, see Helling v. McKinney, 509 U.S. 25, 35-36 (1993).  The subjective prong requires a plaintiff to allege facts that indicate a particular defendant acted with deliberate indifference, that is, that the defendant was both aware of the facts from which the inference could be drawn that a substantial risk of harm exists and that the defendant drew the inference.  See Farmer, 511 U.S. at 837.  A showing of negligence does not rise to the level of deliberate indifference.  Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).

Plaintiff alleges that she was approved to shower privately in Lanesboro C.I.'s receiving area because she is transgender.[7]  However,

---

[7] Although Plaintiff did not file a response to Defendants' Motion for Summary Judgment, the Court treats her verified Complaint as an affidavit for purposes of this discussion.  See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (a verified complaint is the equivalent of an affidavit for purposes of summary judgment when the allegations therein are based on personal knowledge).

6

when she was moved from general population to restrictive housing on June 4, 2018 due to a change in her custody status to intensive control ("ICON"), she was no longer permitted to shower in the receiving area. She alleges that the only shower on the restrictive housing unit "faces the cells #3 and #5 [and those] cells can see into the shower, so this is not a private shower." [Doc. 1 at 9]. Plaintiff alleges that Defendants thus deprived her of the opportunity to shower which is a basic human need.

Defendants argue in their Motion for Summary Judgment that no Eighth Amendment violation occurred. Defendants agree that Plaintiff was approved to shower in the receiving area while she was housed in general population because the showers in the general populations units were not sufficiently private. [Doc. 24-1 at 2: Mimms Affidavit; Doc. 24-2 at 2: Ingram Affidavit]. Plaintiff's showers in receiving were discontinued when her custody status was changed to ICON because inmates housed in restrictive housing at Lanesboro C.I. were not permitted to move about the facility as freely as inmates housed in the general population. [Id.]. Defendant Ingram states that the restrictive housing unit has an individual shower that is located in an area not visible to other offenders and that the the shower is equipped with a privacy screen from the knees to the upper chest of an average-sized person. [Doc. 24-2 at 2-3]. Defendant Ingram states that an individual

7

standing in the shower is not visible to others outside the shower, particularly from the knees to the upper chest. [Doc. 24-2 at 3]. Defendants Mims and Ingram inspected the shower on restrictive housing after Plaintiff complained about the lack of a private shower, and they concluded that it was sufficiently private. [Doc. 24-1 at 2-3]; [Doc. 24-2 at 2-3]. Defendant Mims also had a PREA Advisor from NCDPS's central office in Raleigh come examine the restrictive housing shower, and the advisor confirmed that individuals in other cells of that unit could not see into the shower and that it was sufficiently private. [Doc. 24-1 at 2]. Defendants Ingram and Mims state that they did not deny Plaintiff access to a shower that is not visible to other offenders and that they have no knowledge of other correctional staff doing so. [Doc. 24-1 at 3]; [Doc. 24-2 at 3].

The Plaintiff has failed to present a forecast of evidence from which a reasonable jury could conclude that Defendants were deliberately indifferent to her need for an adequately private shower. Defendants have both submitted sworn statements that they investigated Plaintiff's concerns, found the shower facility to be adequately private, verified the shower's privacy with a PREA Advisor, and are not aware of Plaintiff being denied access to an adequately private shower. Plaintiff has failed to come forward with any evidence that Defendants were subjectively aware of, and intentionally

disregarded, her needs in this regard. Because Plaintiff has failed to demonstrate the existence of a genuine dispute of material fact with respect to this essential element, Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claims.[8]

## IV. CONCLUSION

For the reasons stated herein, the Court will grant Defendants' Motion for Summary Judgment.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Summary Judgment [Doc. 22] is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

The Clerk is directed to terminate this action.

**IT IS SO ORDERED.**

Signed: August 4, 2020

Martin Reidinger
Chief United States District Judge

---

[8] In light of the Court's conclusion that Plaintiff's forecast of evidence fails to show a constitutional violation, this likewise establishes the Defendants' entitlement to qualified immunity. Booker v. S.C. Dep't of Corr., 855 F.3d 533, 538 (4th Cir. 2017). Therefore also, the Court need not address the Defendants' sovereign immunity defense.